UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE PHILLIPPI,

    Plaintiff,

    v.

J. CLARK KELSO, et al.,

    Defendants.

Case No. 15-cv-05579-DMR (PR)

**ORDER OF SERVICE**

## I.    INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the security housing unit at Pelican Bay State Prison ("PBSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, stemming from alleged constitutional violations at PBSP. Dkt. 1. He names the following Defendants: California Correctional Health Care Services ("CCHCS") Receiver J. Clarke Kelso; PBSP Chief Medical Executive J. Bal; PBSP Chief Executive Officer Maureen McLean; PBSP Physicians M. Sayre and Nancy Adams; and PBSP Nurse Practitioner Laurie Thomas. Plaintiff alleges that the named Defendants were deliberately indifferent to his medical needs. *Id.* at 3-9. Plaintiff seeks declaratory and injunctive relief as well as monetary damages. *Id.* at 10.

This matter has been assigned to the undersigned Magistrate Judge. Plaintiff has consented to magistrate judge jurisdiction. Dkt. 4.

Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II.    DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Deliberate Indifference to Serious Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Here, when liberally construed, Plaintiff's allegations state cognizable claims that the named Defendants violated his rights under the Eighth Amendment by being deliberately indifferent to his serious medical needs.

### III.   CONCLUSION

For the foregoing reasons, the court orders as follows:

1.    Plaintiff complaint states cognizable claims of deliberate indifference to his

1   medical needs against the named Defendants.

2       2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
3   Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
4   and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of
5   this Order to the following Defendants: **CCHCS Receiver J. Clarke Kelso; PBSP Chief**
6   **Medical Executive J. Bal; PBSP Chief Executive Officer Maureen McLean; PBSP**
7   **Physicians M. Sayre and Nancy Adams; and PBSP Nurse Practitioner Laurie Thomas.**

8   The Clerk shall also mail a copy of the complaint and a copy of this Order to the State
9   Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this
10  Order to Plaintiff.

11      3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
12  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
13  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on
14  behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the
15  cost of such service unless good cause be shown for their failure to sign and return the waiver
16  form. If service is waived, this action will proceed as if Defendants had been served on the date
17  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required
18  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
19  was sent. (This allows a longer time to respond than would be required if formal service of
20  summons is necessary.) Defendants are asked to read the statement set forth at the foot of the
21  waiver form that more completely describes the duties of the parties with regard to waiver of
22  service of the summons. If service is waived after the date provided in the Notice but before
23  Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on
24  which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
25  whichever is later. **Defendants shall also respond to the Notice of Assignment of Prisoner**
26  **Case to a United States Magistrate Judge for Trial by filing a consent/declination form on**
27  **the date the Answer is due.**

28      4. Defendants shall answer the complaint in accordance with the Federal Rules of

Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.    No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

    If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1  　　　　　b.　　　　Plaintiff's opposition to the dispositive motion shall be filed with the court
2  and served on Defendants no later than **twenty-eight (28) days** after the date on which
3  Defendants' motion is filed.

4  　　　　　c.　　　　Plaintiff is advised that a motion for summary judgment under Rule 56 of
5  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
6  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
7  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
8  any fact that would affect the result of your case, the party who asked for summary judgment is
9  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
10 makes a motion for summary judgment that is properly supported by declarations (or other sworn
11 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
12 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
13 as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and
14 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
15 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
16 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
17 F.3d at 962-63.

18 　　　　　Plaintiff also is advised that—in the rare event that Defendants argue that the failure to
19 exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
20 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
21 prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
22 exhaust your available administrative remedies before coming to federal court.  Such evidence
23 may include: (1) declarations, which are statements signed under penalty of perjury by you or
24 others who have personal knowledge of relevant matters; (2) authenticated documents—
25 documents accompanied by a declaration showing where they came from and why they are
26 authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
27 in your complaint insofar as they were made under penalty of perjury and they show that you have
28 personal knowledge of the matters state therein.  As mentioned above, in considering a motion to

dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.      All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: July 8, 2016

_____
DONNA M. RYU
United States Magistrate Judge